UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

WALTER COMBS,

    Petitioner,

v.

MRS. TAYLOR and A.W. HENSLY,

    Respondents.

Civil Action No. 6: 25-207-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Walter D. Combs has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Combs's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

Combs is currently serving a 181-month sentence for drug trafficking and firearms convictions. *See United States v. Combs*, No. 4: 13-CR-391-JAR-2 (E.D. Mo. 2013). In his petition, Combs asserts that the Bureau of Prisons has improperly calculated his security score as medium rather than low. *See* [R. 1 at 2-3, 5-6] Combs requests that he be reclassified as a low

security inmate so that he may be transferred to a facility where he can complete more programming prior to his release next year. *See id*. at 7. Combs indicates that he verbally raised his concerns with his Unit Manager at the prison and with the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas. *See id*. at 2-3, 8. He does not indicate that he filed any formal grievances regarding his security classification.

As a threshold matter, it does not appear that Combs has properly exhausted his administrative remedies regarding his concerns. Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004)("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Under the BOP's Administrative Remedy Program, the prisoner must first attempt to resolve his complaint informally. He must also file a formal grievance with the warden within 20 days of the events complained of. If the warden does not grant relief, the prisoner must appeal to the appropriate Regional Office. If the Regional Office does not grant relief, the prisoner must appeal to the National Office. 28 C.F.R. §§ 542.13-.15; BOP Program Statement 1330.18 (Jan. 6, 2014). Prisoners who wish to challenge their security classification (their Public Safety Factor, in BOP nomenclature) must follow this procedure; they cannot complain or appeal to the DSCC directly. *See Hutton v. Entzel*, No. 25-CV-97-DLB, 2025 WL 3211546, at *1 (E.D. Ky. Oct. 22, 2025).

In addition, the Court must deny the petition because the relief Hutton seeks is not available in a habeas corpus proceeding. Habeas corpus provides a vehicle to challenge the actions of prison officials that directly affect the fact or duration of confinement; it may not be used to challenge the conditions of confinement. *Muhammed v. Close*, 540 U.S. 749, 750 (2004); *Wilkinson v.*

*Dotson*, 544 U.S. 74, 79 (2005). If an inmate seeks something other than immediate or sooner release from prison, his remedy lies elsewhere. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Thus, "[c]hallenges to security classification and place of confinement are 'conditions of confinement' claims which may only be asserted in a civil rights action[.]" *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012); *McCray v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009). *See also Swan v. Gilley*, No. 6:23-CV-132-GFVT, 2023 WL 5220851, at *1 (E.D. Ky. Aug. 14, 2023) (same).

Accordingly, it is **ORDERED** as follows:

1. Walter Combs's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This matter is **STRICKEN** from the docket.

Entered: December 8, 2025.

Signed By:

*Karen K. Caldwell*  KKC

**United States District Judge**

3